

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-23-2002

# Gventer v. Theraphysics

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2997

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Gventer v. Theraphysics" (2002). *2002 Decisions.* Paper 425.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/425

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01-2997


KAREN A. GVENTER,
                              Appellant
                    v.

THERAPHYSICS PARTNERS OF WESTERN PENNSYLVANIA, INC.,
d/b/a EAGLE PHYSICAL THERAPY
_____


APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 99-cv-01586)
District Judge:  Honorable Robert J. Cindrich
_____


Submitted Under Third Circuit L.A.R. 34.1(a)
July 16, 2002
Before: McKEE,  WEIS, and DUH₁,*  Circuit Judges.

Filed: July 23, 2002
_____


OPINION


_____


        *The Honorable John M. Duh , Jr., United States Circuit Judge for the
Fifth Circuit Court of Appeals, sitting by designation.


WEIS, Circuit Judge.
        Because this opinion is not for publication and the parties are completely
familiar with the facts, we need not discuss them in detail.
        The plaintiff was a physiotherapist assistant employed by the defendant and
was discharged from her position while on maternity leave.  She filed suit asserting
claims under the Family Medical Leave Act, 29 U.S.C.    2601 et seq.; Title VII of the
Civil Rights Act, 42 U.S.C.    2000e-2(a)(1) and 2000e(k); the Pennsylvania Human
Relations Act, 43 P.S.    951 et seq. and breach of contract.  Summary judgment was
entered for the defendant employer on all counts except for the breach of contract claim,
which the District Court declined to adjudicate.
        Using the McDonnell-Douglas approach, the District Court concluded that
the plaintiff had made out a prima facie case under the Family Leave Act.  However, the
employer established that his business had suffered a downturn and that plaintiff had not
been replaced.  Moreover, the employer had begun a process of replacing physiotherapist
assistants with licensed physiotherapists some months before plaintiff's discharge.
Salaries for physiotherapists assistants were comparable to those of licensed
physiotherapists; the latter, however, were permitted a broader range of treatment and
required less supervision.
        The District Court decided that the plaintiff had failed to demonstrate that
the employer's explanations were pretextual and,  consequently, the Family Leave Act

claim failed.

The same approach was followed with the Title VII claim of pregnancy discrimination. Although the plaintiff was again able to present a prima facie case, her evidence failed to overcome the defendant's justification for eliminating her position. Because the same standards apply to claims under the Pennsylvania Human Relations Act, judgment was entered for the defendant on that count as well.

On appeal, plaintiff contends that the employer's claim of decline in business was insufficient to support its termination of her employment. In addition, plaintiff asserts that two other physiotherapist assistants were retained for a period of time after she was discharged.

It is undisputed, however, that the employer phased out all of the six physiotherapist assistant positions in the period from mid-1995 to March 1999, because it was more efficient to employ licensed physiotherapists rather than assistants. Although the salaries were comparable, the physiotherapists were legally authorized to perform a wider range of duties and required less supervision. The employer also established a drop in income as a result of regulations imposed on the health care field.

The summary judgment standard is set out in Celotex v. Catrett, 477 U.S. 317 (1986), where the Court held that the party who had the burden of proof at trial must adduce facts sufficient to establish an element essential to that party's case. A genuine issue for trial must exist; disagreement over immaterial matters would not preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). See also Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990) (discussing summary judgment standard).

In Rhett v. Carnegie Center Assocs., 129 F.3d 290 (3d Cir. 1997), we held that an employee absent on maternity leave could be treated in the same manner as any other temporarily disabled employee who was not at work and, accordingly, found no civil rights violation. In that case, as in the one at hand, the employer eliminated the position while the plaintiff was on maternity leave.

In Jones v. School Dist. of Philadelphia, 198 F.3d 403 (3d Cir. 1999), we pointed out that a plaintiff may not succeed by showing that the employer's decision was wrong or mistaken. Nor is the purview of the Court to decide "whether the employer is wise, shrewd, prudent or competent." Jones, 198 F.3d at 413. Instead, the plaintiff must show that the employer's articulated reason was "so plainly wrong that it cannot have been the employer's real reason." Id. (citations omitted).

Here, the plaintiff has failed to meet those standards. The employer has articulated economic justification for discharging the plaintiff.

Accordingly, the judgment of the District Court will be affirmed.

_____

TO THE CLERK:


Please file the foregoing Opinion.



                              /s/ Joseph F. Weis, Jr.
                              United States Circuit Judge